**Keith L. HUBBARD, Appellant,**

v.

**The BALTIMORE AND OHIO RAIL-ROAD COMPANY, Appellee.**

**No. 13224.**

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1957.

Frank Leonetti, Cleveland, Ohio, for appellant.

Alexander H. Hadden, Cleveland, Ohio (Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellee.

Before ALLEN and STEWART, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

The Court has this day, 249 F.2d 885, sustained the District Judge's action in refusing to reinstate the original suit filed in this cause which had been dismissed with prejudice some six months earlier.

The appeal here results from the trial court's action in sustaining a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., following a refiling of the identical case in the trial court.

We approve the trial judge's action in sustaining the motion for summary judgment on the ground that this suit by appellant was barred by the three year statute of limitations provided for in the Federal Employers' Liability Act, 45 U.S.C.A. § 56. Bell v. Wabash Rwy. Co., 8 Cir., 58 F.2d 569.

Under the circumstances, though the trial judge did not pass upon the question, appellant's personal injury claim is now res judicata and this case is also barred on this ground. This court has recently ruled in two cases

very similar on the facts, that where plaintiff's original suit is dismissed for failure to attend the taking of his deposition, such dismissal constitutes a judgment upon the merits, is res judicata and becomes an effective bar to any subsequent action. Mooney v. Central Motor Lines, 6 Cir., 1955, 222 F.2d 569, 572; Mooney v. Central Motor Lines, 6 Cir., 1955, 222 F.2d 572, 573.

In accordance with the foregoing, the order of the District Court is affirmed.