James CARTER, doing business as Carter Aircraft Company, Plaintiff,

v.

Frank McGOWAN and the City of Yerington, Nevada, Defendants.

No. CIV-R-81-132-ECR.

United States District Court, D. Nevada.

Oct. 21, 1981.

---

James Carter, pro se.

C. James Georgeson, Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter has come before the Court on the defendants' Motion for Summary Judgment. They were represented at the hearing on the motion, held October 8, 1981, by C. James Georgeson, Esq. The plaintiff did not appear either in person or through counsel. However, he filed a document entitled "Reply to Petition to Assure and Guarantee Plaintiff's Safety while Attending Court Sessions in Nevada," and the Court has read the same and has taken it into consideration in reaching a decision on the Motion.

The defendants contend that the plaintiff is barred by res judicata because a prior identical action was dismissed by the Court by reason of the plaintiff's failure to attend his deposition after being served with proper notice. The defendants contend that Fed.R.Civ.P. 41(b) caused the dismissal to operate as an adjudication on the merits, even though the order of dismissal did not specify either that it was with or without prejudice.

■ The prior action was CIV–R–79–155–ECR. The allegations contained in the complaint there were substantially the same as those made in the complaint herein. Both actions arose from the alleged violation by the defendants of a lease agreement covering certain property owned by defendant City of Yerington adjacent to the City's airport. The allegations in both actions clearly pertain to the same disputed transactions and arise out of the same operative facts. In other words, essentially the same claims for relief are stated in both pleadings, so that res judicata properly may be invoked if the other requirements of that affirmative defense are met. *See Saylor v. Lindsley*, 391 F.2d 965, at ftnt. 6 (2nd Cir. 1968).

During the course of discovery in the prior action, the defendants, on June 4, 1980, noticed the taking of the plaintiff's deposition for July. Upon being advised that the plaintiff was in jail in Salt Lake City, the defendants' attorney wrote to the plaintiff there, inquiring as to the latter's availability for the taking of his deposition. By letter dated September 4, 1980, the plaintiff responded that: "I am still incarcerated, and hope to be free in October. Will be in touch with you as soon as I am able to get on with the deposition."

On September 25, 1980, the defendants' attorney mailed to the plaintiff at his Salt Lake City mailing address notice that the plaintiff's deposition would be taken on December 3, 1980, at the office of said attorney. The plaintiff did not appear for the deposition, nor did he contact the attorney.

The defendants, on December 10, 1980, moved to dismiss the action as a sanction provided by Fed.R.Civ.P. 37 for failure of the plaintiff to appear for his deposition. The record reflecting a proper service of notice by mail, the Court granted the motion by minute order on January 7, 1981.

■ The plaintiff did not seek any relief from the order of dismissal but, on June 10, 1981, filed his complaint in the instant action. In resisting the defendants' Motion for Summary Judgment here being considered, the plaintiff has presented evidence that he was incarcerated from May 5, 1980, through January 28, 1981, in the Salt Lake City jail and the federal correctional institution at Terminal Island, California. Further, he alleges that he never has received the notice of the taking of his deposition

that was mailed to him on September 25, 1980.

Fed.R.Civ.P. 41(b) reads in pertinent part:

"For failure of the plaintiff...to comply with these rules..., a defendant may move for dismissal of an action...against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision...operates as an adjudication upon the merits."

The Rule was construed in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The opinion noted that Rule 41(b) was not intended to change the common-law principle that res judicata won't apply if the judgment in the prior action did not go to the merits of the action. It goes on to declare, on page 286, 81 S.Ct. at 545, however, that failure of the plaintiff to comply with the Federal Rules of Civil Procedure involves a situation "...in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." Therefore, it is logical that a dismissal on this ground should bar a subsequent action, unless the court otherwise specifies. The *Costello* case turned on the failure of the Government to file an affidavit of good cause in a denaturalization proceeding. The Supreme Court held that such failure required dismissal of the proceeding for lack of jurisdiction, before the defendant even had to prepare a defense. Therefore, res judicata was found to be inapplicable. The reasoning of *Costello* is discussed in *Smith v. Smith, Barney, Etc.*, 505 F.Supp. 1380 (W.D.Mo.1981) and *Browning Debenture Holders' v. Dasa Corp.*, 454 F.Supp. 88 (S.D.N.Y.1978).

Dismissal for failure to comply with the discovery rules contained in the Federal Rules of Civil Procedure, by not answering interrogatories, was held to operate as an adjudication on the merits in *Nasser v. Isthmian Lines*, 331 F.2d 124 (2nd Cir. 1964). Cases have also held that where, as here, the plaintiff fails to appear for the taking of his deposition, a dismissal by reason thereof constitutes a judgment on the merits, is res judicata, and bars a subsequent action. *Hubbard v. Baltimore and Ohio Railroad Company*, 249 F.2d 886 (6th Cir. 1957); *Fischer v. Dover S.S. Co.*, 121 F.Supp. 528 (E.D.N.Y.1954).

From the foregoing, it can be seen that this Court's order of dismissal of the prior action was meant to operate as an adjudication on the merits within the intendment of Rule 41(b). Res judicata, therefore, is a bar to the instant action. The defendants are entitled to the summary judgment they have requested.

■ The plaintiff's claim that he never received notice of the taking of his deposition is not disputed. However, mailing of the notice to him at his last known address constituted service upon him. Fed.R.Civ.P. 5(b). Nonreceipt of the notice does not affect its validity. 2 Moore's Fed. Prac. § 5.07, 4 Wright & Miller, Fed. Prac. and Proc. § 1148. The order of dismissal in CIV–R–79–155–ECR was proper. *See Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550 (E.D.Pa.1975); *Rifkin v. United States Lines*, 24 F.R.D. 122 (S.D.N.Y.1959).

Because of the bar of res judicata, the filing of a new action is not a permissible way to remedy the situation in which the plaintiff finds himself. Any further proceedings would have to be in the prior action, that is, CIV–R–79–155–ECR. Perhaps Fed.R.Civ.P. 60(b) would be applicable. The question of what would be proper procedure is not before the Court, however, so that it cannot now take a position as to whether Rule 60 or any other particular procedural path would be appropriate.

IT IS HEREBY ORDERED that the defendants' motion for summary judgment be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare and enter summary judgment in favor of the defendants, dismissing the action and awarding costs to the defendants.