**Milton GREENSPUN**

v.

**Anne SCHLINDWEIN, Ronald Szymanski, David F. Patella, and Other Unknown Internal Revenue Agents, Special Agents and Employees of the Internal Revenue Service.**

No. 83–4589.

United States District Court,
E.D. Pennsylvania.

Nov. 25, 1983.

Milton Greenspun, pro se.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

Plaintiff Milton Greenspun commenced this lawsuit against defendants Schlindwein, Szymanski and Patella in Delaware County's Court of Common Pleas on August 23, 1983. Plaintiff claims damages on the ground that defendants, who were employed as agents of the Internal Revenue Service, unlawfully tape recorded certain statements made by plaintiff at various times during the summer of 1982. On behalf of the defendants, the government removed the action to this court on September 21, 1983, on the ground that defendants had acted under color of their federal offices in their investigation of Greenspun. The government then answered plaintiff's complaint on September 26, 1983. On September 29, 1983, plaintiff filed an amended complaint without leave of court. In his proposed amended complaint, plaintiff omitted reference to defendants' official status as Internal Revenue Service agents, and stated that each defendant was sued "as an individual." Document No. 3, ¶¶ 2, 3, 4. Simultaneously with his filing of the amended pleading, plaintiff submitted a motion to remand the case to the Court of Common Pleas. The government then responded with a motion to strike the amended complaint and a motion for summary judgment. For the reasons discussed below, I will deny plaintiff's motion to remand and grant the government's motion for summary judgment. In view of my disposition of the government's motion for summary judgment, it will not be necessary to rule upon its motion to strike the amended complaint.[1]

This case arises out of the IRS' investigation of illegal tax protest activities in the Philadelphia area. As described in the government's memorandum in support of its motion for summary judgment, plaintiff was involved with a tax protest group known as the Committee for Constitutional Taxation during the period in question. Part of plaintiff's activity on behalf of the Committee included lecturing at public meetings concerning the philosophy of tax avoidance and the methods of its implementation. As a result of the Committee's tax

---

1. In its motion to strike, the government argues that plaintiff filed his amended complaint after service of the government's answer, and without either leave of court or consent of the defendants. Plaintiff denies receiving a responsive pleading, and contends that defendants are "attempting to bar Plaintiff from his absolute right to correct the complaint as a matter of course, by attempting to use a mythical timetable and frivolous excuses ...." Plaintiff's Opposition to Motion to Strike Amended Complaint and Opposition to Motion for Summary Judgment, ¶ 3.

It is clear that if plaintiff had been served with the government's answer before he filed the amended complaint, the government's motion to strike must be granted. Fed.R.Civ.P. 15(a). Moreover, because service by mail is complete upon mailing, Fed.R.Civ.P. 5(b), plaintiff's denial that he received the government's responsive pleading is irrelevant. *Carter v. McGowan*, 524 F.Supp. 1119, 1121 (D.Nevada 1981); *Freed v. Plastic Packaging Materials, Inc.*,

66 F.R.D. 550, 552 (E.D.Pa.1975); 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1148 at 590 (1969 with 1982 supp.).

It is not clear, however, whether, because plaintiff was served by mail, he is entitled to the three-day extension provided by Fed.R.Civ.P. 6(e). Rule 6(e) by its terms applies only to cases in which a party is required "to do some act or take some proceedings within a prescribed period *after* the service of a notice or other paper upon him...." (emphasis added). A strict construction of the Rule, therefore, would be that an amended complaint, which is required to be filed *before* service of an answer, may not be filed except with leave of court or consent of the adverse party at any time after the responsive pleading is mailed. Nevertheless, I need not pursue this inquiry here because even plaintiff's amended complaint cannot survive the government's motion for summary judgment.

protest, the government brought criminal charges and obtained convictions against several persons including Greenspun. For the purposes of the present motions, however, it is material to note only the fact that plaintiff did lecture generally on the subject of taxation, and that plaintiff offers no dispute on this point.

■ The first issue to be resolved in this case is whether the lawsuit is properly before a federal court. With respect to this issue, the government removed the case to this court under 28 U.S.C. § 1442, and plaintiff countered with a motion to remand the action to state court. From the record presently before me, it is clear that plaintiff's motion to remand must be denied.

■ In support of its removal of the case, the government has submitted a certification by the United States Attorney for this district that defendants were Internal Revenue Service agents during the period in question and that, in his judgment, removal would be appropriate under § 1442. Read in conjunction with the facts stated in the government's petition for removal and plaintiff's sworn complaint filed in state court, the United States Attorney's certification makes it abundantly clear that the individual defendants were acting within the scope of their federal offices when they conducted surveillance of Greenspun's tax protest.[2] Plaintiff's original claim for relief identified defendants as agents of the Internal Revenue Service, and, indeed, mentioned that other unknown agents in the Service were involved in the alleged invasion of his privacy. The government's removal petition then added that defendants were acting under color of their office

or authority during their investigation of plaintiff's activities.

Against this showing that removal was appropriate, plaintiff argues in his motion to remand that the state court is the proper forum for the resolution of his claims. Plaintiff's motion, filed simultaneously with his amended complaint, apparently relies on the truncated allegations of his amended pleading, which, as noted above, omits reference to the fact that defendants were employed by the IRS. Plaintiff's effort to avoid the impact of his earlier sworn complaint, however, cannot succeed. Plaintiff may not, by the simple device of filing an amended complaint avoiding reference to defendants' once recognized official status, deprive this court of the removal jurisdiction the basis for which appeared so plainly on the face of his original pleading.

■ Although the record discussed thus far provides ample support for the government's removal of this action, the propriety of removal is further buttressed by three affidavits filed by the individual defendants in conjunction with the government's motion for summary judgment.[3] In their affidavits, the defendants have indicated with great specificity that their investigation of Greenspun took place as part of their work in the IRS' Illegal Tax Protestor Project. They have stated that their allegedly unlawful recording of plaintiff's speeches occurred at public meetings sponsored by plaintiff or his associates, and that several speeches were taped by using electronic surveillance equipment provided and approved by the IRS. The defendants have stated, finally, that all of their contacts with plaintiff occurred as part of their official duties as IRS agents.

**2.** Although the normal means for complying with the "verified petition" requirement of § 1446(a) is submission of an affidavit, it is sufficient if a short and plain statement of facts entitling the defendant to removal is signed by an attorney. *Border City Savings & Loan Association v. Kennecorp Mortgage & Equities, Inc.,* 523 F.Supp. 190, 192 (S.D.Ohio 1981); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168 [3.–4] at 572–573 (2d ed. 1983). Thus, I have considered the government's signed peti-

tion for removal as part of the record in deciding this motion.

**3.** Although the statements advanced in these affidavits should have been presented as part of the removal petition, it is proper to consider them as an amendment to the government's jurisdictional allegations. *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

Plaintiff responds to the government's submissions in his motion to remand, arguing that remand is appropriate because the certification provided by the United States Attorney is insufficient and because this suit is based on Pennsylvania law. Neither contention has merit. Assuming, *arguendo,* that the United States Attorney's statement of facts is insufficient, the government's petition for removal, read in the light of plaintiff's complaints, provides more than sufficient basis for removal of the case to this court. Moreover, the affidavits of the three individual defendants dispel any doubt concerning the official character of their surveillance activities. Plaintiff's motion to remand does not dispute that defendants were acting pursuant to their official duties, and his statement in the proposed amended complaint that each defendant is sued "as an individual" adds no support to his motion.[4]

Plaintiff's argument that his choice of a state cause of action compels remand is likewise without basis. That the removal statute authorizes federal courts to entertain suits involving state law claims was settled over one hundred years ago when the Supreme Court ruled that even a state criminal prosecution could be removed when the defendant was an officer of the federal government whose duties included the collection of revenue. *Tennessee v. Davis,* 100 U.S. 257, 25 L.Ed. 648 (1897). Plaintiff's reliance on *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny is misplaced. The question raised by the government's removal petition is whether federal court is the appropriate forum for resolution of this dispute, not whether federal common law supplies the appropriate rule of decision.

■ Having determined that the case has been properly removed to this court, I now consider the government's motion for summary judgment. Because plaintiff's affidavits now before me fail to establish a genuine issue of material fact relative to a claim upon which relief may be granted, I conclude that the government's motion must be granted.

The essence of plaintiff's claim is that defendants violated his right of privacy under the laws and Constitution of Pennsylvania when they tape recorded speeches delivered by plaintiff at public meetings. Plaintiff claims that defendants' actions were unlawful because the IRS agents did not disclose their purpose for recording his speeches, because they did not leave the lecture when plaintiff demanded that all IRS agents depart, because defendants represented themselves to plaintiff as individuals, and because defendants did not conduct their surveillance pursuant to court order. The government argues that neither Pennsylvania nor federal law affords plaintiff a cause of action based on the tape recording of his public speeches, and that the record does not, therefore, disclose a genuine issue of fact material to a claim upon which relief may be granted.

After careful review of the arguments and affidavits submitted by the parties, I am persuaded that the government's motion for summary judgment must be granted. Plaintiff's claim that the defendant IRS agents violated his right of privacy by recording his public speeches simply has no

---

**4.** Plaintiff has stated in response to the government's motion for summary judgment that he "denies that Defendants were acting under color of law giving rise to federal jurisdiction ...." Plaintiff's Opposition to Motion to Strike Amended Complaint and Opposition to Motion for Summary Judgment, ¶ 4. Accepting this assertion as a denial of the government's claim that defendants were acting within the scope of their official duties, it is not sufficient to preclude removal under § 1442. *See Willingham v. Morgan,* 395 U.S. 402, 407–410, 89 S.Ct. 1813, 1816–1817, 23 L.Ed.2d 396 (1969) (rejecting similar argument based upon assertion that defendants there were acting "on a frolic of their own"). Furthermore, in plaintiff's submission in opposition to the government's motion to strike and motion for summary judgment, plaintiff admits that defendants "may have 'federal character.'" Plaintiff also has admitted that defendants "were in the employ of the Internal Revenue Service at all times material to the Complaint ...." Plaintiff's Brief in Opposition to Government's Motion for Summary Judgment, ¶ 13.

basis in Pennsylvania or federal law. Both federal and applicable state statutes regulating the interception and disclosure of wire or oral communications clearly permit a law enforcement officer to intercept statements such as those made by plaintiff when the officer was a party to the communication. 18 U.S.C. § 2511(2)(c); 18 Pa.C. S.A. § 5704(2)(i). Moreover, neither statute requires prior judicial authorization for such an interception.

■ Plaintiff's constitutional claims are similarly without merit. It is well established that neither the state nor federal constitution protects an individual's misplaced belief that a person in whom one voluntarily confides incriminating evidence will not subsequently reveal it. *On Lee v. United States,* 343 U.S. 747, 754, 72 S.Ct. 967, 972, 96 L.Ed. 1270 (1952); *Commonwealth v. Brown,* 437 Pa. 1, 6, 261 A.2d 879, 881 (1970). It makes no difference that the listener, having decided to betray the misplaced confidence, prefers to rely on an electronic recording of the message rather than unaided memory. *United States v. White,* 401 U.S. 745, 751, 91 S.Ct. 1122, 1126, 28 L.Ed.2d 453 (1971); *Commonwealth v. Donnelly,* 233 Pa.Super. 396, 408–413, 336 A.2d 632, 640–641 (1975), *cert. denied,* 424 U.S. 974, 96 S.Ct. 1477, 47 L.Ed.2d 744 (1976). It is likewise without significance that defendants failed to announce their investigative purpose to plaintiff or comply with his demand that all IRS agents depart from the lecture. Plaintiff could not, by issuing such an order, insulate himself from legitimate governmental investigation; nor could he thereby deprive the government of the secrecy essential to the success of its undercover operations. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966).

In short, I have carefully considered whether plaintiff's *pro se* complaint could support a finding in his favor and I have concluded that even the most generous reading of the allegations stated therein fails to disclose a genuine issue of fact material to a claim upon which relief could be granted. Defendants' motion for summary judgment will, therefore, be granted.