**Milton GREENSPUN, Plaintiff,**

**v.**

**Anne SCHLINDWEIN, Ronald Szymanski, David F. Patella, and Other Unknown Internal Revenue Agents, Special Agents and Employees of the Internal Revenue Service, Defendants.**

**Civ. A. No. 83–4589.**

United States District Court, E.D. Pennsylvania.

Jan. 18, 1984.

**1204**

See also 574 F.Supp. 1038.

Milton Greenspun, pro se.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

In this lawsuit, plaintiff Milton Greenspun sought damages against three special agents of the Internal Revenue Service on the ground that the defendants violated his right to privacy by tape recording his public speeches. Defendants recorded plaintiff's speeches during their official investigation of plaintiff's tax protest activities during the summer of 1982. After removal of the action to this court and the filing of plaintiff's amended complaint, the government, acting on behalf of the defendants, filed a motion for summary judgment. By order dated November 25, 1983, 574 F.Supp. 1038, I granted the government's motion. Now before me is the government's petition for attorney's fees. For the reasons discussed below, the petition will be granted.[1]

■ In American jurisprudence, the general rule regarding attorney's fees is that litigants pay their own expenses absent legislation or agreement to the contrary. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975); *Straub v. Vaisman and Company, Inc.*, 540 F.2d 591, 598–99 (3d Cir.1976). There exists an exception to that rule, however, for cases in which a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). In such cases, the award of fees is punitive in nature. *Straub*, 540 F.2d at 599.

■ In the case at bar, I find that plaintiff's conduct was vexatious, oppressive, and in bad faith. *Hall v. Cole, supra.* An award of attorney's fees is therefore justified. In essence, the claim asserted by plaintiff had no basis in state or federal law, and, as plaintiff's litigation tactics made clear, his design in bringing this suit was vexatious. *See Press v. McNeal*, 568 F.Supp. 256, 258 (E.D.Pa.1983), *quoting Browning Debenture Holders' Committee v. Dasa Corporation*, 560 F.2d 1078, 1088 (2d Cir.1977) ("An action is brought in bad faith when the claim is entirely without color *and* has been asserted wantonly, for

---

1. I am aware that plaintiff has recently filed a notice of appeal with respect to his case on the merits. In the interest of judicial economy, I will, nevertheless, resolve the government's fee petition before the Court of Appeals' decision. *West v. Keve*, 721 F.2d 91 at 95 n. 5 (3d Cir. 1983).

purposes of harassment or delay, or for other improper reasons." (emphasis added)).

Primarily, plaintiff's claim that defendant's surveillance of his tax protest activities violated his right to privacy was plainly without merit. As fully discussed in my decision granting the government's motion for summary judgment, neither state nor federal law protects an individual from disclosure of incriminating evidence voluntarily disclosed to a disloyal confidant. At 94–95. Similarly without foundation were plaintiff's claims under state and federal statutes regulating electronic surveillance. At 94.

More importantly for the purpose of the present motion, I find that plaintiff's conduct in bringing this suit was vexatious, and thus warrants an award of counsel fees.[2] Consideration of several aspects of plaintiff's behavior leads me to this conclusion: Most significantly, plaintiff filed this suit within weeks after agents Schlindwein and Patella testified at a *"Starks"* hearing"[3] concerning the admissibility of the recordings of plaintiff's speeches in his criminal trial, and just six days before commencement of the trial at which the recordings were to be introduced against him. The timing of plaintiff's meritless complaint, read in light of his subsequent statement that he "requires that the named Defendants retain *private counsel*" to defend themselves (Plaintiff's Motion to Remand, 2 (emphasis in original)), cannot but lead to the conclusion that this suit was intended to exact retribution for defendants' role in his criminal prosecution.

Second, I am satisfied that plaintiff has not been candid in his written submissions in this lawsuit. Of primary concern here is plaintiff's amended complaint which stated that each defendant was sued "as an individual." (Plaintiff's Amended Complaint, ¶¶ 2, 3, 4). This document was filed simultaneously with his motion to remand the case to state court in response to the government's removal of the case to federal court on the ground that defendants were being sued for actions taken under color of their federal offices. Notwithstanding the redacted allegations in his amended complaint, plaintiff quite apparently recognized that defendants had acted as IRS agents in conducting their surveillance. Plaintiff's original complaint specifically stated that defendants were IRS agents, and, indeed, named as defendants other unknown agents and employees of the IRS. (Complaint, ¶ 2–5). Plaintiff was also less than forthright in his original complaint, which characterized the IRS as a "commercial collection agency." (Complaint, ¶ 2–5). Plaintiff, through his motions and memoranda, demonstrated full knowledge of the name, location, and function of the IRS and its agents. In view of the generally sophisticated level of plaintiff's submissions to this court, plaintiff's refusal to recognize the official character of the IRS and its agents in his complaint and amended complaint simply does not permit the inference that plaintiff was genuinely mistaken as to the federal office of defendants or their employer.

In short, I find that plaintiff's claim was entirely without color and that it was filed for the purpose of punishing defendants for performance of their official duties. An award of counsel fees is therefore appropriate. Counsel for the defendants has submitted a sworn declaration that he spent 16.75 hours working on this case, and requests compensation at a rate of $53.00 per hour. I find both the number of hours worked and the rate of compensation requested reasonable, and I will therefore grant an award of counsel fees in the amount of $887.75.

---

**2.** I recognize that plaintiff brought this action *pro se*. As a *pro se* litigant, however, plaintiff was not free to pursue a frivolous lawsuit for the purpose of harassing government employees.

**3.** *See United States v. Starks,* 515 F.2d 112, 121 n. 11 (3d Cir.1975).