892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack M. DARNELL, Plaintiff-Appellant,
v.
JONES MOTOR COMPANY, INC., Defendant-Appellee.
 No. 89-1386.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1990.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Jack Darnell appeals dismissal of his breach of contract action against defendant-appellee Jones Motor Company, Inc. ("Jones") pursuant to Fed.R.Civ.P. 37(b)(2)(c) for failure to comply with the district court's discovery orders. For the reasons that follow, we reverse.
 
 I.
 A.
 
 2
 Darnell began an action in a Michigan state court against Jones, alleging breach of contract arising out of Darnell's lease to Jones of several tractor-trailer units. Jones removed the action to federal district court on diversity grounds in February 1988. On February 17, 1988, the district court issued a scheduling order setting a trial date of December 6, 1988, and a discovery cut-off of August 15, 1988.
 
 
 3
 After discovery disputes to be discussed hereafter in more detail, the district court dismissed Darnell's action on December 13, 1988, because of his failure to comply with discovery orders. Darnell filed a motion for reconsideration which was denied, and this timely appeal followed.
 
 B.
 
 4
 Darnell leased tractors and trailers to Jones from 1981 until 1987. Jones terminated all leases with Darnell effective July 3, 1987. This action is based upon the allegation that Jones' termination amounted to a breach of contract.
 
 
 5
 On March 23, 1988, Jones filed interrogatories and a request for documents. Jones specifically asked Darnell to state with respect to every lease at issue in the case ("Jones leases") the unit numbers, the date of the lease and the term of the lease. Another interrogatory asked Darnell to state specifically what had happened, since termination of the Jones leases, to each of the units that were under lease to Jones. The document request asked specifically for production of all Jones leases and legible copies of all leases entered into subsequent to termination of the Jones leases.
 
 
 6
 Darnell's answers to the interrogatories were late and incomplete. Darnell did not produce any documents but indicated that the requested documents were in the possession of Jones and others. Upon the motion of Jones to compel more specific answers to the interrogatories and to compel production of the documents previously requested, the magistrate, on September 30, 1988, ordered Darnell to "produce all documents requested and file complete answers to the interrogatories ... on or before October 12, 1988."
 
 
 7
 On October 12, 1988, Darnell filed supplemental answers. He listed eleven unit numbers which were the subject of Jones leases and indicated that he had attached copies of all Jones leases in his possession. To supplement his answer concerning subsequent leases, Darnell indicated that he had re-leased to Ranger Transportation and attached a copy of one lease for two tractor-trailer units.
 
 
 8
 Jones began deposing Darnell on November 2, 1988, and it became apparent at that time that Darnell had failed to disclose some short term leases to Just In Time Transportation ("JIT leases") and had failed to provide copies of two leases with Ranger Transportation. Also, Darnell mentioned for the first time some trailer leases with Jones which he called "Apex leases." Darnell admitted that he had copies of the Apex leases and the Ranger Transportation leases somewhere in his records. Upon agreement of the parties, the deposition was rescheduled to allow Darnell to search his records for the additional information.
 
 
 9
 In the meantime, the parties met for final pretrial conference on November 10, 1988, at which time Jones brought the discovery problems to the court's attention. Darnell's "counsel was advised that in view of the long history of [Darnell's] non-compliance with discovery request and orders, continued non-compliance could result in dismissal."
 
 
 10
 On November 16, 1988, Darnell submitted what he said were "copies of all Ranger Transportation ... lease papers." Darnell stated in an accompanying cover letter that he did not have copies of the "Jones Apex leases" or the JIT leases. Two days later, Jones contacted Darnell complaining that his response was inadequate.
 
 
 11
 The deposition of Darnell recommenced on November 28, 1988. During the deposition, counsel for Jones tried to match the Ranger leases to the prior Jones leases by unit number. Darnell explained, "[t]he only way you can compare these are with both the leases laying [sic] side by side." Counsel for Jones blamed the problem on Darnell's failure to cooperate in discovery, but Darnell said that he could not produce the Jones leases for comparison's sake because Jones had made him return all the leases. Darnell's counsel interrupted, asking, "Let's make the record clear. What information are you alleging has not been supplied?" Jones' counsel responded that Darnell had failed to supply the JIT leases and the unit numbers of certain trailers that had been leased to Jones. The parties adjourned the deposition by agreement.
 
 
 12
 In the meantime, on November 21, 1988, Jones had filed a motion to dismiss for failure to comply with the discovery order entered September 30, 1988. Darnell did not appear to contest the motion, and the district court dismissed the action with a one-paragraph order. Darnell then contested the dismissal with a motion for reconsideration which the court denied.
 
 
 13
 As stated by the parties, the issue for appeal is whether the district court abused its discretion by dismissing the action under Rule 37(b)(2)(c). In the course of analyzing the stated issue, we must consider the effect of the district court's failure to articulate the resolution of the factual, legal, and discretionary issues presented.
 
 II.
 A.
 
 14
 District court dismissal of an action under Fed.R.Civ.P. 37(b)(2)(c) for failure to comply with discovery orders is reviewable only for abuse of discretion. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988) (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)). Under the abuse of discretion standard, a reviewing court will not set aside a judgment "unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984) (quoting Balani v. Immigration and Naturalization Serv., 669 F.2d 1157, 1160 (6th Cir.1982) (per curiam)). However, the district court must provide the reviewing court some basis to uphold the dismissal by providing "some articulation on the record of the [district] court's resolution of the factual, legal, and discretionary issues presented." Patton v. Aerojet Ordnance Co., 765 F.2d 604, 608 (6th Cir.1985).
 
 B.
 
 15
 Darnell challenges the dismissal of his action with three arguments. He first argues that his failure to comply with the discovery orders was due to his inability rather than his refusal. Next, he argues that the district court should have conducted an evidentiary hearing before dismissing the action.[1] And finally, he argues that the district court should have considered less drastic alternative sanctions.
 
 
 16
 Turning to the opinion of the district court, it is impossible to know whether that court found that Darnell's failure was willful or the product of inability. The full text of the dismissal order is:
 
 
 17
 Plaintiff has failed to respond to defendant's Motion for Dismissal, November 22, 1988. The Court has reviewed defendant's submissions therewith and finds that they justify the relief sought. Accordingly, this case should be and is DISMISSED pursuant to Rule 37(b)(2)(c).
 
 
 18
 J.A. 83. In a footnote, the court indicated that Darnell had been warned that continued noncompliance could result in dismissal.
 
 
 19
 The district court's memorandum opinion denying Darnell's motion for reconsideration provides little more information. Three propositions may be gleaned from that opinion. First, "the contested discovery items are those leases that plaintiff entered into subsequent to plaintiff's and defendant's relationship." Second, "plaintiff had not been sufficiently diligent in obtaining ... the leases with JIT Trucking Co." And finally, "plaintiff had ample warning that [dismissal] might result at the final pretrial conference...." J.A. 164-65.
 
 
 20
 We have held that "a dismissal of a complaint with prejudice[2] as a sanction for failure to cooperate in discovery must be 'accompanied by some articulation on the record of the court's resolution of the factual, legal, and discretionary issues presented.' " Patton, 765 F.2d at 608 (6th Cir.1985) (footnote added) (quoting Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 81 (3d Cir.1982)). Though Darnell does not directly challenge the adequacy of the district court's opinion under the standard of Patton, his assertion that he failed to comply with discovery orders because of his inability and his argument that the court should have considered less drastic sanctions indirectly bring the adequacy of the opinion into question.
 
 
 21
 In addition to an absence of sufficient findings of fact and an absence of an articulation of the legal standard the court followed, the district court failed to discuss most of the discretionary factors which this court has identified as important in deciding whether to dismiss an action for failure to comply with discovery orders. The willfulness of the failure to comply is one factor. Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). Jones correctly points out that "the burden of proof is on the dismissed party to establish 'that the failure to comply [with the discovery order] was due to inability, and not willfulness, bad faith or any fault of the party.' " Id. at 987 (brackets in original) (quoting Regional Refuse, 842 F.2d at 154).
 
 
 22
 Jones attempts to show that some of Darnell's delays and failures were willful. However, most of Jones' argument in regard to Darnell's willfulness is misdirected. The only discovery abuse the district court cited to justify dismissal was Darnell's failure to supply information about leases entered into subsequent to termination of the Jones leases. For the most part, Jones' argument is directed at Darnell's alleged willful failure concerning other matters (i.e., tax and income records, Jones leases, and Apex leases).
 
 
 23
 Moreover, the fact remains that the district court found only that Darnell "had not been sufficiently diligent." We are not willing to equate lack of diligence with willfulness.
 
 
 24
 Another factor which Darnell's arguments bring into question is the district court's choice of available sanctions. The district court gave no indication why it chose dismissal over other available sanctions. "Dismissal is generally imposed only for egregious misconduct, such as repeated failure to appear for deposition...." Regional Refuse, 842 F.2d at 155 (emphasis in original); see also Patterson v. Township of Grand Blanc, 760 F.2d 686, 689 (6th Cir.1985) (reversing district court's dismissal of the action because there was "no 'clear record of delay or contumacious conduct by the plaintiff' ") (quoting Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam)).
 
 
 25
 In this case, the district court dismissed the action because of Darnell's failure to supply information concerning leases entered into subsequent to Jones' termination. Darnell's transgressions at the time of dismissal appear to be limited to failure to provide copies of two JIT leases and possibly copies of some "trip leases." The record shows that Darnell made at least some attempt to obtain the JIT leases. The harshness of the sanction imposed, compared to some that were available, demands that the district court set forth at least some justification for its choice of the sanction it imposed.
 
 
 26
 Another important factor in reviewing a dismissal for failure to comply with discovery is whether the opposing party was prejudiced by the noncomplying party. Taylor, 861 F.2d at 986. The district court failed to state whether Jones was prejudiced by Darnell's actions. On appeal, Jones presents a viable argument that Darnell's actions were prejudicial, but the fact remains that we are left to speculate whether and to what extent prejudice was considered by the district court.
 
 
 27
 In sum, neither the dismissal order nor the memorandum opinion of March 2, 1989, denying reconsideration articulate the district court's resolution of the factual, legal and discretionary issues presented as demanded by Patton, 765 F.2d at 608. Thus, we hold that the district court erred in dismissing the complaint.
 
 III.
 
 28
 Accordingly, for the reasons stated, the judgment of the district court is REVERSED, and this case is REMANDED for further action consistent with this opinion.
 
 
 
 [1]
 We note that the courts are divided as to whether an evidentiary hearing is necessary. See Patton, 765 F.2d at 607 n. 11. Since Darnell failed to request an evidentiary hearing and we are able to dispose of the case on other grounds, we follow the course set in Patton and decline to address the issue at this time. Id
 
 
 [2]
 Neither in this case, nor in Patton, did the district court explicitly state that the dismissal was "with prejudice." We note that Federal Rule of Civil Procedure 41(b) provides that "[u]nless the [district] court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis added). We agree with a number of other courts which have held that Rule 41(b) operates to make a Rule 37(b) dismissal a dismissal with prejudice. Stebbins v. State Farm Mutual Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C.Cir.1969); Nasser v. Isthmian Lines, 331 F.2d 124, 129 (2d Cir.1964); Syufy Enter. v. American Multicinema, Inc., 575 F.Supp. 431, 435 (N.D.Cal.1983); Carter v. McGowan, 524 F.Supp. 1119, 1121 (D.Nev.1981); see also Hubbard v. Baltimore & Ohio RR, 249 F.2d 886, 887 (6th Cir.1957) (dismissal for failure to appear for deposition is res judicata to subsequent action)