Edward BERGIN, et al., Plaintiffs,

v.

John N. STURDIVANT,
et al., Defendants.

Civil Action No. 94–1777 SSH.

United States District Court,
District of Columbia.

Aug. 14, 1996.

Eleanor R. Jenkins, Silver Spring, MD, for plaintiffs.

Joe Goldberg, Michael J. Schrier, AFGE, Washington, DC, for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

On November 28, 1995, this Court issued an order to show cause why plaintiffs' counsel should not be held in contempt for her failure to obey the Court's order of July 19, 1995, which granted defendants' motion for sanctions. Now before the Court are plaintiffs' counsel's "Motion To Vacate Entry of Default Judgment" and her response to the Court's show cause order, defendants' motion for further sanctions, and plaintiffs' counsel's late-filed response to defendants' motion for further sanctions.

### Background

A discussion of the history of this action is warranted. On August 15, 1994, plaintiffs filed a complaint and a motion for a temporary restraining order. Plaintiffs claimed that defendants violated the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401 *et seq.* (1985), when they placed Local 12 of the American Federation of Government Employees (AFGE) in trusteeship and subsequently allegedly designated delegates to attend an AFGE convention in a manner not proper under the LMRDA. Plaintiffs' motion for a temporary restraining order was denied on August 17, 1994.[1]

On October 20, 1994, defendants filed a motion to dismiss. Plaintiffs never responded to defendants' dispositive motion. On December 22, 1994, United States District Judge John Helm Pratt, to whom the case had been transferred, treated defendants' motion as conceded pursuant to Local Rule 108(b) and dismissed plaintiffs' action on mootness grounds.

Three days before Judge Pratt dismissed plaintiffs' action, defendants filed a motion for sanctions against plaintiffs' counsel under Fed.R.Civ.P. 11. Defendants argued that had plaintiffs' counsel taken steps to check her facts and the applicable law, plaintiffs' counsel would not have filed a motion for a temporary restraining order, nor would she have persisted in arguing for a temporary restraining order in the face of facts and law that arrayed themselves unquestionably against her. (Defendants first advanced this argument at the hearing on plaintiffs' motion for emergency relief, Judge Jackson noted on

---

1. United States District Judge Thomas Penfield Jackson, sitting as motions judge in the absence of the undersigned (to whom the case initially was assigned), heard argument on and denied plaintiffs' motion for a temporary restraining order.

the record that "the thought [of Rule 11 sanctions] had occurred" to him, but that the matter was best left to the judge to whom the case was assigned. *See* Tr. of Hr'g on Mot. for T.R.O., August 17, 1994, at 14, 18.)

Seven months passed, and there was no opposition to defendants' motion for sanctions. On July 19, 1995, the court granted defendants' motion for sanctions and directed that plaintiffs' counsel reimburse defendants for their attorney's fees in the amount of $6,924.00.[2] *See Bergin v. Sturdivant,* Civil Action No. 94–1777 (D.D.C. filed July 19, 1995) (citing *Geller v. Randi,* 40 F.3d 1300 (D.C.Cir.1994), for the proposition that a motion for sanctions may be treated as conceded and granted if the party to be sanctioned fails to respond).

On November 3, 1995, after making repeated attempts to discuss payment arrangements with plaintiffs' counsel, defendants filed a motion for an order to show cause why plaintiffs' counsel should not be held in contempt of court for her failure to obey the Court's Order granting sanctions. On November 28, 1995, the Court granted defendants' motion and issued a show cause order. As noted above, plaintiffs' counsel responded on December 11, 1995, with a "Motion To Vacate Entry of Default Judgment."

On December 18, 1995, defendants filed a motion for further Rule 11 sanctions, in light of plaintiffs' counsel's response to the show cause order. On January 25, 1996, plaintiffs' counsel filed an out-of-time response to defendants' motion for further sanctions. (Plaintiffs' counsel moved for leave to late-file her response, and defendants did not oppose that motion.)

2. At the request of Judge Pratt, who was ill, the undersigned was the judge who signed the July 19 Order. Judge Pratt died on August 11, 1995. This case formally was reassigned back to the undersigned on January 30, 1996.

3. Plaintiffs' counsel contends in her "Motion To Vacate Entry of Default Judgment" that she "did not receive notice" of defendants' motion for sanctions, filed on December 19, 1994. Mot. To Vacate Entry of Default J. at 1. The Court notes that plaintiffs' counsel apparently did receive defendants' motion to dismiss, filed two months earlier, and that defendants' counsel certified

*Discussion*

*Motion To Vacate Default Judgment*

Plaintiffs' counsel's motion to vacate the "default judgment" against her is without merit. First, no "default judgment" has been entered against plaintiffs or plaintiffs' counsel. When plaintiffs failed to respond to defendants' motion to dismiss, the motion was treated as conceded pursuant to Local Rule 108(b) and the complaint was dismissed with prejudice on mootness grounds on December 22, 1994. Plaintiffs' counsel never appealed the Court's Order dismissing the case; in fact, she apparently agrees that the case was rightly dismissed, since she notes in her response to the Court's show cause order that she "acquiesced in the dismissal." *See* Resp. to Order To Show Cause at 5. On July 19, 1995, also pursuant to Local Rule 108(b), the Court ordered sanctions against plaintiffs' counsel, after plaintiffs and plaintiffs' counsel failed to respond to defendants' motion for sanctions.[3] Neither of these orders constitutes a "default judgment."

The Court will assume that what plaintiffs' counsel actually is requesting in her "Motion To Vacate Entry of Default Judgment" is vacating of the Court's ordering of sanctions. Her motion is denied. The Order granting sanctions against plaintiffs' counsel was filed on July 19, 1995. Any motion to reconsider or to vacate the Court's Order should have been filed within 10 days of entry of the Court's Order, *see* Fed.R.Civ.P. 59(e), and any appeal from the Court's Order should have been filed within thirty days thereafter, *see* Fed.R.App.P. 4(a)(1).

Plaintiffs' counsel has advanced no credible explanation for her lengthy delay. She erroneously asserts that she "was under no tight

that they mailed their motion for sanctions to her at the same address. "Service by mail is complete upon mailing." Fed.R.Civ.P. 5(b); *see Greenspun v. Schlindwein,* 574 F.Supp. 1038, 1039 n. 1 (E.D.Pa.1983) (noting that "because service by mail is complete upon mailing, plaintiffs' denial that he received the government's responsive pleading is irrelevant"). Plaintiffs' counsel's claim of defective service or lack of proper notice is accordingly without merit. Moreover, in her December 11, 1995, pleading, plaintiffs' counsel readily acknowledges that she received the July 19 Order granting sanctions.

time constraints" for filing a motion to vacate the judgment, based on her interpretation of Fed.R.Civ.P. 55(c) and 60(b). *See* Resp. to Order To Show Cause at 8. Rule 55(c), which applies to default judgments, is inapplicable, since no default judgment was entered against plaintiffs or their counsel. In addition, plaintiffs' counsel has advanced no legitimate reason why the Court should vacate its ordering of sanctions pursuant to Rule 60(b), which allows for motions for relief from judgment to be made within a "reasonable time" (and in some circumstances, up to one year) after entry of judgment.[4] The Court accordingly will not condone plaintiffs' counsel's current attempts to relitigate the sanctions issue, much less her obvious attempts to relitigate the underlying case.

*Defendants' Motions For Contempt Hearing and Further Sanctions*

While the Court agrees with defendants that the conduct of plaintiffs' counsel has, at the very least, bordered on contumacious, it declines at this time to hold a hearing on defendants' contempt motion and accordingly will not now find plaintiffs' counsel in contempt of court. Should plaintiffs' counsel continue to disobey the clear Order of this Court, however, the Court will return to the contempt issue upon a renewed motion from defendants, hold a hearing, and order appropriate sanctions (which may include incarceration). Likewise, the Court denies defendants' motion for further Rule 11 sanctions, again without prejudice to renewal. Accordingly, for the reasons stated herein, it hereby is

ORDERED, that plaintiffs' counsel's motion to vacate the Court's Order of sanctions is denied. It hereby further is

ORDERED, that within 21 days of the date of this Order, plaintiffs' counsel shall confer with counsel for defendants and shall file with the Court an agreed-upon plan of payment of the Court's sanctions. It hereby further is

ORDERED, that defendants' motion for a contempt hearing is denied without prejudice to renewal, if plaintiffs' counsel fails to cooperate with counsel for defendants in submitting to the Court a plan of payment within the time specified. If defendants are forced to renew their contempt motion, a contempt hearing will be scheduled promptly. It hereby further is

ORDERED, that plaintiffs' counsel's motion to accept out of time her opposition to defendants' motion for further Rule 11 sanctions is granted as unopposed. It hereby further is

ORDERED, that defendants' motion for further Rule 11 sanctions is denied, also without prejudice to renewal.

SO ORDERED.

---

4. The provisions of Rule 60(b)(1)—(3) allow for a motion for relief from judgment to be filed up to one year after the judgment. Plaintiffs' counsel has not put forward any evidence (nor could she) to support a contention of "mistake, inadvertence, surprise, or excusable neglect," as required under Rule 60(b)(1). Plaintiffs' counsel likewise has not suggested that any newly-discovered evidence exists, or that the judgment had been influenced by fraud or misrepresentation, as required under Rule 60(b)(2) and (3).