STATE OF MARYLAND, to the Use of Nancy K. SUMMERLIN, Surviving Mother of John D. McCombs

and

Nancy K. Summerlin, Administratrix of the Estate of John D. McCombs, deceased

v.

Robert William KEMP.

Civ. No. 12702.

United States District Court
D. Maryland.

June 8, 1961.

Rubin Gertz, Baltimore, Md., for plaintiffs.

Max Sokol, Emanuel H. Horn, and Dickerson, Nice & Sokol, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiffs have excepted to the answers to interrogatories they served on defendant, and have moved for a judgment by default under Rule 37(d), F.R.Civ.P., 28 U.S.C.A., because the answers were not

sworn to by defendant in accordance with Rule 33.

Plaintiffs' decedent, a resident of Maryland, died as a result of injuries received in an automobile accident in Maryland, which occurred while he was riding as a passenger in an automobile driven by defendant, a citizen and resident of the District of Columbia. Defendant was an uninsured motorist and, after plaintiffs had given the notice of accident and intention to file claim, in accordance with Md.Code Art. 66½, sec. 154, the case was referred by the Unsatisfied Claim and Judgment Fund Board (Board) to an insurance company for investigation. After plaintiffs filed this action in this court and obtained service on defendant under the Maryland Substituted Service Act, Art. 66½, sec. 115, the case was referred to Dickerson, Nice & Sokol for defense. That firm filed an answer and certain interrogatories, which were answered by Nancy K. Summerlin.

Plaintiffs thereafter served interrogatories on defendant, many of which called for information known to defendant *or* his attorney. Answers to those interrogatories were filed, signed by Max Sokol, as attorney for defendant, who stated that his services had been engaged by the Board; that he had endeavored to obtain defendant's cooperation so that he might answer the interrogatories; that defendant had ignored all communications; and, consequently, counsel had undertaken to answer the interrogatories to the best of his ability on the information obtained by him or by the persons who investigated the case. At the hearing Emanuel H. Horn, of the firm of Dickerson, Nice & Sokol, detailed the reasonable efforts they had made to get in touch with defendant, and stated that he and Sokol together had prepared the answers to the interrogatories primarily from a signed statement of another passenger in the car and from the police report, together with other information developed by the investigator. In open court Horn stated that he was as familiar with the facts as anyone, and made oath before the clerk that the answers to the interrogatories were true to the best of his knowledge, information and belief.

It is not necessary to decide what the ruling on plaintiffs' exceptions and motion should be if the defense were being handled by defendant himself or by an insurance company which had issued a policy to him or on the car he was driving. The Unsatisfied Claim and Judgment Fund is a public fund raised by taxes imposed on all motorists, insured as well as uninsured, and on certain premiums of casualty insurance companies doing business in Maryland. The nature and purpose of the Fund and the different procedures thereunder are made clear by the provisions of the statute, Art. 66½, sec. 150 et seq., as amended, and by the opinion of the Court of Appeals of Maryland in Allied American Mutual Fire Insurance Co. v. Commissioner of Motor Vehicles, 219 Md. 607, 150 A.2d 421. As Judge Hammond pointed out, if the claimant files suit against a financially irresponsible tortfeasor, the counsel selected by the insurer to whom a claim has been assigned for investigation represents the defendant *but defends the Fund.* 219 Md. at page 613, 150 A.2d at page 425.

Sec. 156 provides: "The insurer to whom any action has been assigned may through counsel enter an appearance on behalf of the defendant, file a defense, appear at the trial or take such other steps as it may deem appropriate on the behalf and in the name of the defendant, conduct his defense, take recourse to any appropriate method of review on behalf of, and in the name of, the defendant, and all such acts shall be deemed to be the acts of such defendant; * * *." The information requested by the interrogatories has been supplied by the representative of the insurer who has the greatest amount of information about the facts, and is supported by his oath. Thus, so far as the Fund is concerned, there has been no default.

Even if the court did not have sec. 156 available for its guidance, it would be an improper exercise of discretion under Rule 37, F.R.Civ.P., to sustain the exceptions and the motion for judgment by default. The real defendant in this action is the Fund, and through its representative it has acted diligently and reasonably under the circumstances.

In many cases the uninsured defendant is unwilling to take any trouble to cooperate with his counsel, and the public is entitled to be sure that such lack of cooperation is not collusive;[1] it is, therefore, desirable that judgments by default not be entered in such a case as this, but that a plaintiff be required to prove his case. I am advised that this is the regular practice in the state courts.

The exceptions to the answers to interrogatories and the motion for judgment by default must be denied.

■ In the ordinary case the plaintiff is available to testify on his own behalf and there is no great burden in requiring him to prove negligence on the part of the defendant. In the instant case, however, plaintiffs' decedent was killed and his mother is the equitable plaintiff. The answers to the interrogatories and other information supplied at the hearing show clearly that defendant was negligent, and counsel for the defense stated frankly that their principal defense is contributory negligence. Under these special circumstances, it seems unfair to require plaintiff to go to the expense of producing witnesses to prove primary negligence. She may read into the record so much of the answers to the interrogatories as clearly show defendant's negligence, and produce evidence to support her claim for damages. Defendant will then have the opportunity and will be required to prove the affirmative defense which has been raised. Any other problems caused by defendant's failure to answer the interrogatories in person may be dealt with as they arise.

1. Secs. 157, 163, 164 and 165 provide certain procedures to protect the Fund in

appropriate cases, but they are neither necessary nor practicable in this case.