**William PATTON, Administrator of Estate of Albert Patton, Vincent Mango, Paul Franklin Pierson, Grady Mickey Lenoir, Raymond Wesley Houston, Danny Jones, John Inello, Paul John Hasko, Ted Walker, Charles Carson, Darrell Black, Clinton Rollins, Terry Hensley, Vernon Adams, Frank Gillespie, Jessie Cable, James Rodeback, Joseph M. Murphy, James Roble, Charles Earhart, Jessie Jenkins, Ralph Steven Cross, Gary Michael Elam, Richard Doyle, Lonnie Freeman, Larry D. Garst, Rondale Garland, Danny Ray Jeffers, Nathan W. Troutman, Lydia Sliger, Douglas Morrison, Jackie Walker, Kim Carson, Ella Cable, Treva Murphy, Denise Mango, Ella Mae Elam, Jean Cross, Larry A. Copp, Edward A. Ferguson, Paul H. Garvin, Louie Brad Richardson, Gary David Reed, Plaintiffs-Appellants,**

v.

**AEROJET ORDNANCE COMPANY, a unit of General Tire & Rubber Co., Inc., a Union Carbide Corporation, and Aerojet-General, Defendants-Appellees.**

No. 84–5610.

United States Court of Appeals,
Sixth Circuit.

Submitted May 10, 1985.

Decided June 25, 1985.

---

W. Holt Smith, Madisonville, Tenn., Fredric Lewis, Lewis, Robbins, Zaslav & Auerbach, New York City, for plaintiffs-appellants.

G. Wilson Horde, Div. Atty., Oak Ridge, Tenn., Robert R. Campbell, Knoxville, Tenn., Orvill O. Orr, Jr., Morgan, Lewis & Bockius, Los Angeles, Cal., Herndon, Coleman, Brading & McKee, Thomas C. McKee, Johnson City, Tenn., for defendants-appellees.

Before KEITH and MARTIN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The appellants seek reversal of the district court's order dismissing their complaints for failure to comply with the court's discovery orders. For the reasons that follow, we reverse.

In these consolidated actions, the plaintiffs seek damages from the defendants for injuries allegedly suffered from alleged exposure to radiation and other metal toxicity while employed at Tennessee Nuclear Specialities, Inc. Plaintiffs claim that Aerojet owns TNS, that General Tire is the parent corporation of Aerojet, and that Union Carbide supplied the dangerous materials to the plant.

Plaintiffs filed their complaints on August 30, 1982. On April 26, 1983, Aerojet and General Tire served a set of interrogatories on the plaintiffs. Defendants also assert that on September 1, 1983 defendants furnished plaintiffs' counsel with "medical authorizations" for execution by the plaintiffs and return to defendants'

counsel. After a series of motions and orders regarding some of the plaintiffs' failure to comply with defendants' discovery requests, the court on May 29, 1984 ordered the dismissal of each plaintiff's action as a sanction for failure to cooperate in discovery. The plaintiffs' motion to reconsider was denied, and the plaintiffs timely appealed.

■ It is important to note at the outset that this case involves consolidated actions, not a class action. As we recently stated, "A consolidation of separate actions for purposes of trial does not merge the independent actions into one suit.... Each cause of action retain[s] a separate identity, and each party [is] responsible for complying with procedural requirements." *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442 (6th Cir.1985). Because consolidated actions are independent from each other, those actions are subject to the general rule that "one party to litigation will not be subjected to sanctions [for failure to cooperate in discovery] because of the failure of another to comply with discovery, absent a showing that the .other party controlled the actions of the non-complying party." *De-Letelier v. Republic of Chile*, 748 F.2d 790, 795 n. 2 (2d Cir.1984). We must consider the propriety of the dismissal order with respect to each of the individual plaintiffs. For purposes of examining the procedural history in this case, we can divide the plaintiffs into several groups.

Forty-two plaintiffs were served with interrogatories on April 26, 1983. On October 24, 1983, Aerojet and General Tire moved for an order compelling seven [1] of the plaintiffs to comply with the discovery request by November 30, 1983. That motion was granted by the magistrate to whom it had been referred by the district court. These seven plaintiffs failed to comply by November 30, and Aerojet and General Tire on December 6, 1983 moved for an order dismissing the complaint as to those seven defendants if they failed to comply by December 9, 1983. All seven plaintiffs complied by December 9, and that portion of the defendants' motion was dismissed as moot.[2] Hereinafter, these plaintiffs will be referred to as the "December 9 Plaintiffs."

In their motion of December 6, 1983, Aerojet and General Tire also asked for an order compelling thirty-five [3] of the plaintiffs to respond to the interrogatories. The magistrate ordered that these plaintiffs respond to the interrogatories by December 28, 1983. On December 23, 1983, eight [4] plaintiffs filed answers to the interrogatories. We will refer to these plaintiffs as the "December 23 Plaintiffs." Edward Ferguson served his answers on January 6, 1984.

On January 6, 1984, Aerojet and General Tire moved for dismissal as a sanction for the failure of nineteen [5] of the plaintiffs to respond to the interrogatories. On February 10, 1984, the magistrate filed a memorandum and order denying the request for dismissal but granting the request for at-

---

1. Vincent Mango, Ted Walker, Darrell Black, Raymond Houston, Terry Hensley, Nathan Troutman, and Larry Copp.

2. The memorandum and order of the magistrate was adopted by the court by order of December 20, 1983.

3. Paul Pierson, Grady Lenoir, Danny Jones, John Inello, Paul Hasko, Charles Carson, Clinton P.ollins, Vernon Adams, Frank Gillespie, Jessie Cable, James Rodeback, Joseph Murphy, James Roble, Charles Earhart, Jessie Jenkins, Ralph Cross, Gary Elam, Richard Doyle, Lonnie Freeman, Larry Garst, Rondale Garland, Danny Jeffers, Lydia Sliger, .Douglas Morrison, Jackie Walker, Kim Carson, Ella Cable, Treva Murphy, Denise Mango, Ella Mae Elam, Jean Cross, Edward Ferguson, Paul Garvin, Louie Richardson, and Gary Reed.

4. Grady Lenoir, John Inello, Charles Carson, James Roble, Jessie Jenkins, Rondale Garland, Lydia Sliger, and Louie Richardson.

5. Jessie Cable, Richard Doyle, Gary Elam, Lonnie Freeman, Paul Garvin, Paul Hasko, Danny Jones, Joseph Murphy, Gary Reed, Clinton Rollins, Ralph Cross, Charles Earhart, Edward Ferguson, Larry Garst, Frank Gillespie, Danny Jeffers, Douglas Morrison, Paul Pierson, and James Rodeback. Edward Ferguson served his answers the day the motion was filed.

torneys' fees and expenses.[6] Plaintiffs filed objections to the magistrate's memorandum and order, and the court entered an order stating that the propriety of the sanctions would be discussed at an April 19 discovery conference.

On January 6, 1984, Aerojet and General Tire served a first set of interrogatories on five plaintiffs[7] whose claims had been consolidated with those of the original plaintiffs on September 6, 1983. These plaintiffs will be referred to as the "September 6 Plaintiffs."

On April 19, 1984, the district judge held a discovery conference which counsel for all parties attended. The order issued as a result of that conference required "Plaintiffs" to file their answers to the interrogatories by April 25, 1984. The court also ordered "Plaintiffs" to provide "medical authorizations" to defense counsel by April 25, 1984. The order did not state what action the court was taking on the plaintiffs' objections to the magistrate's memorandum and order of February 10, 1984.

On April 25, 1984, ten[8] plaintiffs filed answers to the interrogatories. These plaintiffs will be referred to as the "April 25 Plaintiffs."

None of the September 6 Plaintiffs filed answers to the interrogatories by April 25. Sixteen[9] of the original plaintiffs failed to file answers by April 25. Seven[10] of those plaintiffs are spouses of workers at TNS

who are suing for the injuries allegedly sustained by their mates.

On May 8, 1984, Aerojet and General Tire moved for dismissal of the action as to all plaintiffs for their failure to answer the interrogatories by April 25 and/or their failure to furnish the medical authorizations by April 25. Plaintiffs failed to respond to the defendants' motion, and on May 29, 1984, the district court entered the following order:

> Because of repeated failures of the plaintiffs to obey court orders regarding discovery, this action is hereby DISMISSED.

Plaintiffs moved for reconsideration, but that motion was denied because the plaintiffs "have not shown this Court that they have provided the medical authorizations ordered by this Court on April 19, 1984, nor have they submitted answers to the first set of interrogatories which meet the requirements of the federal rules."

 We believe the district court erred because we cannot determine from the court's order the factual or legal basis for its decision.[11] Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *see also*

**6.** Ted Walker was included in the list of those upon whom the magistrate recommended the imposition of attorneys' fees. Defendants concede on appeal, however, that Walker served his answers on December 9, 1983, within the time permitted by the magistrate's order.

**7.** David Billington, Mike Chambers, James Fletcher, Louis Hutton, and Evelyn Rimel.

**8.** Paul Pierson, Danny Jones, Jessie Cable, James Rodeback, Ralph Cross, Richard Doyle, Lonnie Freeman, Danny Jeffers, Douglas Morrison, and Paul Garvin.

**9.** Paul Hasko, Clinton Rollins, Vernon Adams, Frank Gillespie, Joseph Murphy, Charles Earhart, Gary Elam, Larry Garst, Gary Reed, Jackie Walker, Kim Carson, Ella Cable, Treva Murphy, Denise Mango, Ella Elam, and Jean Cross.

**10.** The last seven of those listed in the preceding footnote.

**11.** Plaintiffs also contend that dismissal as a sanction for failure to cooperate in discovery is not appropriate unless the district court conducts a hearing on the motion to dismiss. The validity of that proposition is in dispute. *See, e.g., Locktite Corp. v. Fel-Pro, Inc.,* 667 F.2d 577, 583 (7th Cir.1981); *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410, 413 (1st Cir.1981), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir.1977). Given plaintiffs' failure to request a hearing, as required by local rule, Local Rule 12(c), Rules of the United States District Court for the Eastern District of Tennessee, and our disposition of the case on other grounds, we decline to address this issue at this time.

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976).[12] When the sanction of dismissal is imposed, "values of consistency and predictability, reviewability, and deterrence ... outweigh the values of economy and efficiency that may be promoted by allowing inarticulate decisions." *Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77, 81 (3d Cir.1982). In reviewing the district court's order "[w]e are left to speculate whether counsel's delay in answering the interrogatories was caused by the press of other cases, unforeseen difficulty in securing the information, deliberate flouting of the rules, or simply ineptitude." *In re Mac Meekin,* 722 F.2d 32, 35 (3d Cir.1983); *see also Wilson v. Volkswagen of America,* 561 F.2d 494, 505 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Von Der Heydt v. Rogers,* 251 F.2d 17, 17 (D.C.Cir.1958) (per curiam). We will follow the wise course of the Third Circuit and require under our supervisory authority that a dismissal of a complaint with prejudice as a sanction for failure to cooperate in discovery must be "accompanied by some articulation on the record of the court's resolution of the factual, legal, and discretionary issues presented." *Quality Prefabrication,* 675 F.2d at 81.

The Third Circuit in *Quality Prefabrication* applied this rule prospectively only. The following discussion of the unresolved issues in this case demonstrates why we will apply the rule to the present case as well as to all future cases.

■ In ruling on the plaintiffs' motion for reconsideration, the district judge stated that he had dismissed the actions because the plaintiffs "have not shown this Court that they have provided the medical authorizations ordered by this Court on April 19, 1984, nor have they submitted answers to the first set of interrogatories which meet the requirements of the federal rules." With respect to the December 9 Plaintiffs, however, the court previously had accepted the magistrate's recommendation not to impose sanctions for failure timely to file answers to the interrogatories. The final order of dismissal does not explain this discrepancy.

Answers to the interrogatories by the December 23 Plaintiffs were not filed within the time prescribed by Rule 33 of the Federal Rules of Civil Procedure. Those plaintiffs therefore were subject to dismissal under Rule 37(d) of the Federal Rules of Civil Procedure. Rule 37(d), however, provides that parties who fail to comply with Rule 33 are subject to dismissal only "on motion." *See Mooney v. Central Motor Lines, Inc.,* 222 F.2d 569, 571–72 (6th Cir.1955); *Reinders Brothers, Inc. v. Rain Bird Eastern Sales Corp.,* 627 F.2d 44, 51 (7th Cir.1980). From the record it does not appear that Aerojet and General Tire ever moved for sanctions against the December 23 Plaintiffs for failure to answer the interrogatories. The defendants had moved for an order compelling the December 23 Plaintiffs to respond to the interrogatories, and the plaintiffs responded within the time allowed by the court.

The April 25 Plaintiffs failed to file answers to the interrogatories within the time ordered by the magistrate, and Aerojet and General Tire moved for the sanction of dismissal. The magistrate recommended that the sanction not be imposed, but the district judge never stated whether he was accepting that recommendation. Instead,

---

12. Several of this Circuit's earlier cases may be read as not requiring a finding of willfulness, bad faith, or fault. *See Weiss Noodle Co. v. April.,* 272 F.2d 923, 924 (6th Cir.1959) (per curiam); *Milewski v. Schneider Transportation Co.,* 238 F.2d 397, 398 (6th Cir.1956) (per curiam). *Cf. Brookdale Mill, Inc. v. Rowley,* 218 F.2d 728, 729 (6th Cir.1954) (per curiam). That view has over the years gradually been eroded and we think the more modern view is to be found in the following cases: *Munoz-Santana v. U.S. Immigration and Naturalization Service,* 742 F.2d 561, 564 (9th Cir.1984); *Marshall v. Segona,* 621 F.2d 763, 768–69 (5th Cir.1980); *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir. 1977); *Sapiro v. Hartford Fire Insurance Co.,* 452 F.2d 215, 216 (7th Cir.1971) (per curiam); *see also Patterson v. Township of Grand Blanc,* 760 F.2d 686 (6th Cir.1985) (per curiam).

he entered an order requiring "plaintiffs" to respond to the interrogatories by April 25. The April 25 Plaintiffs responded as required by the court's order, but the answers of nine of those eleven plaintiffs were not signed and verified by the plaintiffs as required by Rule 33(a). Instead, the answers were signed by plaintiffs' counsel on behalf of plaintiffs. With respect to the April 25 Plaintiffs, the district court should have made explicit the relationship between the magistrate's recommendation and the court's order. The court also should have determined whether the answers not signed or verified as required by Rule 33 were nonetheless effective because signed by counsel. *See Fernandes v. United Fruit Co.*, 50 F.R.D. 82 (D.Md.1970); *State of Maryland v. Kemp*, 194 F.Supp. 838, 839 (D.Md.1961). If the answers were not valid, the court should have determined whether defendants failed timely to object to the answers and whether they thereby waived any objection. *See Greene v. United States*, 447 F.Supp. 885 (N.D.Ill.1978).

With respect to the seven spouse plaintiffs, the court should have articulated the basis on which their complaints were dismissed. Although these plaintiffs were served with interrogatories, the defense motion of January 6, 1984 asked for the imposition of sanctions only on those plaintiffs who worked at TNS. The magistrate ruled on that motion, recommending against dismissal. If the district court's order of April 19 is read as an acceptance of the magistrate's recommendation, on what basis is dismissal imposed on the spouse plaintiffs, given that the motion that elicited the magistrate's order did not request sanctions against those plaintiffs? Moreover, the interrogatories were designed to elicit information from workers at TNS, not their spouses. Of the seventeen questions, thirteen relate directly to employment at TNS. The remainder of the questions concern general information such as the respondent's name and educational background. Given the nature of the interrogatories, on what basis was dismissal of the spouses' complaints justified?

With respect to all the plaintiffs who filed answers to the interrogatories, the court should have determined whether failure to return the medical authorization *alone* was enough to justify dismissal. The court indicated that the complaints were being dismissed for failure to answer interrogatories *and* failure to return the authorizations.

That brings us to the question of the "medical authorizations." A copy of this authorization nowhere appears in the record. We have not a clue as to what the authorization was meant to authorize. Plaintiffs suggest that the authorizations permitted defendants to have the plaintiffs examined by a doctor. Counsel for plaintiffs states that twenty-six of the plaintiffs voluntarily submitted to such an examination. Defendants suggest, however, that the authorizations were requested in order to permit defendants to search plaintiffs' past medical records.

The purpose of the medical authorizations is critical to our review of the dismissal of the complaints. To review the propriety of sanctions for failure to cooperate in discovery, we must review not only the sanction involved but also the propriety of the underlying discovery order. *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir.1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *Hastings v. North East Independent School District*, 615 F.2d 628, 631 (5th Cir.1980); *Hanley v. James McHugh Construction Co.*, 419 F.2d 955, 957 (7th Cir.1969). Under Rule 35(b)(1) and (3) of the Federal Rules of Civil Procedure, a party who conducts a medical examination of an adverse party is entitled to receive prior medical records of the adverse party only if the adverse party asked for and obtained a copy of the written report of the examining party's physician. From the record before us, we are unable to tell whether the medical authorizations were meant to allow the examination of the plaintiffs, which apparently already has occurred; or whether the authorizations were meant to permit defendants to discover

plaintiffs' past medical records. If the latter, we are unable to determine whether the discovery order was appropriate because we do not know whether plaintiffs requested or received a copy of the report prepared by defendants' physician. Additionally, we cannot even be sure that the parties were proceeding under Rule 35 because past medical history may be discoverable under other Rules as well. *See Buffington v. Wood*, 351 F.2d 292, 296 (3d Cir.1965); *Garner v. Ford Motor Co.*, 61 F.R.D. 22, 24 (D.Alaska 1973). Moreover, from the record it does not appear that any defendant ever moved for an order compelling the plaintiffs to supply the medical authorizations. An order compelling production under Rule 37(a) of the Federal Rules of Civil Procedure must be made on motion. Finally, we cannot tell whether the spouse plaintiffs were meant to be included in the order requiring the submission of a medical authorization, as they have not alleged that they have been physically injured by the defendants.

The last aspect of the court's order that troubles us is the absence of a rationale for dismissing the complaints against Union Carbide. From the record, it does not appear that Union Carbide ever made any discovery requests and, of course, moved for no orders compelling discovery and no orders imposing sanctions. Given the state of the record, the district court should have stated a rationale for dismissing the complaints against Union Carbide.

The judgment of the district court is reversed.