935 F.2d 270
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary NEWTON, Plaintiff-Appellant
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 90-4025.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the order denying her motion to vacate the dismissal of her Title VII complaint for failure to comply with discovery rules. We hold that the district court has not abused its discretion in dismissing this action, and we AFFIRM.
 
 
 2
 In December of 1988, plaintiff filed a Title VII sex discrimination case against General Motors and others who are not parties to this appeal. In July of 1989 defendant General Motors served interrogatories and a request for production to which plaintiff has never responded.
 
 
 3
 On October 29, 1989, defendant sent plaintiff a notice of deposition duces tecum, requesting the same documents set out in the July discovery requests. Plaintiff appeared at the deposition, but brought no documents. Because of her inability to testify without the documents the deposition had to be adjourned. Her deposition was rescheduled to allow her to bring the documents with her. When she did not appear at that rescheduled deposition, the defendant filed its first motion to dismiss and for sanctions.
 
 
 4
 That first motion to dismiss was considered by the trial court at the first pretrial conference on November 20, 1989. Plaintiff admits she attended this pretrial conference. At that time the District Court stated it would delay ruling on the motion to see if the plaintiff would cooperate with discovery thereafter.
 
 
 5
 The day after the pretrial conference, the plaintiff and her attorney appeared at the offices of counsel for defendant with boxes of documents. Defendant claims that the documents so delivered did not answer the request for production; plaintiff does not dispute this.
 
 
 6
 During the next three months, the issue of document production and discovery remained in dispute and defendant filed a supplement to the motion to dismiss in February of 1990. No answer to the supplemental motion was filed and on March 16, 1990, the trial court granted the motion. Thereafter the plaintiff filed the motion to vacate the dismissal of her action.
 
 
 7
 Plaintiff has never answered the discovery requests. She alleges no error in the trial court's finding that the boxes of documents did not respond to the request, nor the finding that the failure to produce was her fault. It is upon those findings and the plaintiff's failure to appear for deposition that we hold the trial court was within its discretion to dismiss the complaint.
 
 
 8
 "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 153-154 (6th Cir.1988); Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir.1985). Considerations are whether the sanctioned behavior is that of the dismissed party or that party's lawyer, whether the adversary has been prejudiced by the failure to cooperate in discovery, whether the dismissed party has been warned of the consequences of failure to cooperate, and whether less drastic sanctions were imposed or considered before dismissal was ordered. Regional Refuse, 842 F.2d at 155. The order of dismissal should articulate the court's resolution of these factual, legal and discretionary issues. Patton, 705 F.2d at 608.
 
 
 9
 The order of dismissal found that plaintiff twice failed to appear for deposition and has never answered defendant's discovery requests despite the Court's warning in November of 1990 that she must do so. The order found that defendant had been prejudiced by plaintiff's failure to disclose the substance of her case and that the fault is plaintiff's rather than her lawyer's. Having fully articulated its finding and conclusions, the District Court's order is in complete accord with Patton, 765 F.2d at 608, and with Regional Refuse, 842 F.2d at 150.
 
 
 10
 Plaintiff admits she attended every pretrial conference; thus, it is clear that she was warned. That admonition also constitutes a first attempt at a lesser sanction. She offers no excuse for her failure to answer interrogatories or for her failure to heed the court's warning.
 
 
 11
 We have considered plaintiff's charge that defendants have also failed to answer her second set of interrogatories. No motion to compel has been filed or ruled upon in the trial court and such allegation is in any case immaterial to good cause for plaintiff's behavior.
 
 
 12
 Accordingly, the order of the district court denying plaintiff's motion to vacate the dismissal of her complaint is AFFIRMED.