956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monroe E. DAVIS, Plaintiff-Appellant,
v.
William P. MORRIS, Jr.; Jack E. Owens, Sheriff; A.C.
Gillis, Chief Deputy, Defendants,
Danny Turner, Deputy Jailer, Defendant-Appellee.
 No. 91-5650.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Monroe E. Davis, a Tennessee state prisoner, requests the appointment of counsel on appeal from a district court judgment dismissing his civil rights action for failure to file a pretrial statement. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Davis filed a complaint seeking monetary and injunctive relief, in which he alleged that the defendant deputy jailer had assaulted him. The magistrate ordered the parties to submit pretrial statements. Subsequently, he recommended that the case be dismissed because Davis had not filed a statement as ordered. Davis objected to the magistrate's recommendation, arguing that he had filed a pretrial statement. In support of his argument, he pointed out that the district court had referred to his pretrial statement in granting a motion for elbow assistance contained in the statement. Moreover, he submitted a copy of the statement that had been stamped "received" by the clerk's office. The district court did not address Davis's objections in its order and judgment dismissing the case for failure to file the pretrial statement. Davis then filed a motion to amend the judgment, which was denied by marginal notation. He continues to argue on appeal that he in fact filed the pretrial statement as ordered. The appellee concedes that the case be remanded, as the district court did not state its reason for denying the motion to amend.
 
 
 3
 Upon review, it is concluded that the district court abused its discretion in dismissing this case without articulating the legal or factual basis for the dismissal. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607-608 (6th Cir.1985). Accordingly, the request for counsel is denied, the district court's judgment is vacated, and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.