968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert GRICE, Plaintiff-Appellant,
v.
ALUMINUM COMPANY OF AMERICA, Defendant-Appellee.
 No. 91-3496.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Albert Grice appeals the order of the District Court granting the dismissal with prejudice of Grice's civil rights action alleging racially motivated discharge. For the reasons set forth below, we AFFIRM the judgment of the District Court.
 
 I.
 
 2
 Albert Grice was dismissed from employment with defendant Aluminum Company of America ("Alcoa") on August 24, 1987. He filed this action, alleging racially motivated termination and retaliatory discharge claims, on August 18, 1988. There then ensued a three-year struggle to get the case to trial.
 
 
 3
 After plaintiff amended his complaint on December 8, 1988, the parties endeavored to complete basic discovery. Several skirmishes were fought, principally relating to attempts to obtain answers to interrogatories and the production of related documents. According to plaintiff, he provided all relevant information and documents to his attorney, who for reasons not appearing on the record wholly failed to cooperate in the discovery process. Plaintiff, through his lawyer, failed to comply with several pretrial orders of the court. Plaintiff was absent at several pretrial conferences and settlement conferences as well. Plaintiff now claims ignorance of those conferences, motions and orders, alleging that his attorney shielded him from all knowledge of the status of his case. His attorney, meanwhile, was feigning cooperation with defense counsel, and seeking and obtaining extensions and continuances.
 
 
 4
 On June 2, 1989, after failing to obtain requested documents from Grice, Alcoa filed a motion to compel production and for sanctions. The documents in question apparently were Grice's recent tax returns. The trial court granted the motion to compel, and held the motion for sanctions in abeyance. Grice claims to have given the documents to his attorney, but they were not produced for Alcoa, so Alcoa again sought sanctions on July 10, 1989. The trial court granted this motion, and awarded Alcoa $500 in sanctions. These sanctions were not paid until after the case was dismissed.
 
 
 5
 In light of the protracted discovery and the absence of Grice himself from pretrial and settlement conferences, the parties were understandably unable to settle. A non-binding summary jury trial before a magistrate was finally conducted on January 23, 1991. Grice's counsel then moved to withdraw. Grice was aware of this motion in advance, and also of Alcoa's contemporaneous motion for discovery sanctions.
 
 
 6
 On March 8, 1991, shortly before the case was set for trial, the trial court granted Grice's counsel's motion to withdraw, and directed Grice to obtain counsel, produce the documents in question, and to proceed in pursuit of his case post haste. Alcoa then sought dismissal, and Grice was directed to appear with counsel at a hearing on the motion to dismiss on April 24, 1991. Grice appeared pro se at that hearing, at which the District Court granted Alcoa's motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. The court found plaintiff to have violated several court orders, to have needlessly and without justification delayed the case to an unreasonable degree, and to have engaged in "contumacious" conduct.
 
 II.
 
 7
 District courts have inherent power to dismiss cases, with prejudice, under both Rule 37 and Rule 41, Fed.R.Civ.P. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976). We review such dismissals under an abuse of discretion standard. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150 (6th Cir.1988). Several factors are considered central to an analysis of whether a district court abused its discretion in granting dismissal including:
 
 
 8
 (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;
 
 
 9
 (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal;
 
 
 10
 (3) whether less drastic sanctions were imposed or considered before dismissal was ordered; and
 
 
 11
 (4) the degree of willfulness or culpability of the recalcitrant party.
 
 
 12
 See Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). Additionally, a clear articulation of the court's resolution of factual and legal issues, on the record, is necessary for adequate appellate review. Patton v. Aerojet Ordnance Co., 765 F.2d 604 (6th Cir.1985).
 
 
 13
 All of these considerations weigh against Grice. The trial court conducted an extensive hearing on this matter, and went to great lengths to compile a record. The court explicitly considered the efficacy and fairness of lesser sanctions, including that of Grice reimbursing Alcoa for its costs incurred in responding to the innumerable delays and lack of cooperation. Grice was on notice at several junctures that his conduct could lead to sanctions and ultimately to dismissal. At a minimum, Grice was on notice as of the March 8, 1991 hearing at which his previous counsel withdrew, that he was under court order to obtain representation and proceed expeditiously, and that "no more delays would be tolerated." Yet six weeks later, Grice appeared pro se, unready for the trial scheduled to begin shortly thereafter. Dismissal of this action was therefore not an abuse of discretion.
 
 III.
 
 14
 For the reasons set forth above, we AFFIRM the judgment of the District Court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation