**ROBERTS METALS, INC., Plaintiff,**

v.

**FLORIDA PROPERTIES MARKETING GROUP, INC., et al., Defendants.**

**R.E.F. GOLF COMPANY, Plaintiff,**

v.

**ROBERTS METALS, INC., Defendant.**

**ROBERTS GOLF & MACHINING, INC., Plaintiff,**

v.

**R.E.F. GOLF COMPANY, Defendant.**

Nos. 5:91CV0014, 5:92CV1544 and 5:92CV0993.

United States District Court, N.D. Ohio, E.D.

Aug. 10, 1993.

Richard M. Klein, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, OH, for plaintiff in No. 5:91CV0014.

Sidney W. Millard, Kremblas, Foster & Millard, Columbus, OH, for defendants in 5:91CV0014.

Stefan Vaughn Stein, Dominik, Stein, Saccocio, Colitz & Vanderwall, Tampa, FL, for plaintiff in No. 5:92CV1544.

Richard M. Klein, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, OH, Roberta A. Colton, Lansing C. Scriven, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, FL, for defendant in 5:92CV1544.

Richard M. Klein, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, OH, for plaintiff in No. 5:92CV0993.

Stefan Vaughn Stein, Dominik, Stein, Saccocio, Colitz & Vanderwall, Tampa, FL, for defendant in No. 5:92CV0993.

## MEMORANDUM OF OPINION AND ORDER

MATIA, District Judge.

This matter is before the Court upon plaintiff Roberts Metals, Inc. (Roberts Metals) Renewed Motion for Contempt. The Court previously denied Roberts Metals' Motion for Contempt against defendant Florida Properties Marketing Group, Inc. (FPM), but granted Roberts Metals' Motion to Add New Defendants Robert Bryan ("Bryan") and R.E.F. Golf Company ("REF").

The patent in dispute in the present action, Robert's Metals' U.S. Patent No. 4,854,585 ("585 patent"), is directed to golf swing training devices generally consisting of a golf club with a hinged mechanism incorporating a male member, female member and a bias allowing for two-way movement. In December 1990, Roberts Metals learned that defendant FPM and its president and fifty-percent shareholder, Robert Bryan, were manufacturing their own golf swing device under the name "Medicus" or "Medalist". Roberts Metals filed the instant suit for infringement of its property rights in the 585 Patent.

After extensive pre-trial activity in the instant case before Judge Alice Batchelder, FPM filed a Suggestion of Bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Middle District of Florida on June 12, 1991. After the bankruptcy court issued a relief from stay and just prior to this Court's default judgment hearing, FPM converted its Chapter 11 Reorganization to a Chapter 7 Petition.

After oral hearing on the default judgment, the Court granted Roberts Metals a permanent injunction enjoining the following:

> [I]nfringing United States Letters Patent No. 4,854,585, including, but not limited to, any activities relating to the manufacture, use or sale of a golf swing training device having an elongated shaft containing a grip

at one end and a club head at an opposing and a hinge mechanism interposed between the grip and club head, wherein the hinge mechanism includes a female member having two yoke portions defining a cavity permitting selective two way-movement of a male member between the yoke portions and a bias means for preventing or allowing articulation of the hinge mechanism. *Order Granting Default Injunctive Relief,* Nov. 12, 1991, p. 3.

The injunction was limited to "defendant (FPM) and those controlled by defendant, or acting in participation with defendant."

Defendant Bryan, former President and 50 percent shareholder of FPM, began marketing a new golf swing training device, the Refiner, through R.E.F. Golf Company ("REF") in January of 1992. REF subsequently brought a declaratory judgment action seeking a determination that their Refiner club did not infringe the claims of Roberts Metals' '585 Patent. The Middle District of Florida transferred the declaratory judgment action to this Court (Case No. 5:92CV1544). Roberts Metals also subsequently filed a patent infringement action against REF and its Refiner device in this district (Case No. 5:92CV0993). Both cases were subsequently consolidated with Case No. 5:91CV0014.

■ This Court denied Roberts Metals' initial Motion for Contempt, but granted leave to add Robert Bryan and REF as defendants. The Court concludes that Bryan and REF are bound by the language of the injunction as officer and successor in interest respectively. *See* Fed.R.Civ.P. 65(d). All defendants are subject to the injunction previously entered by Judge Batchelder. After the addition of defendants Bryan and REF, Roberts Metals filed a Renewed Motion for Contempt and the Court conducted a limited oral hearing on the motion. Said Renewed Motion for Contempt is now before the Court.

In support of its contempt request, Roberts Metals relies upon the "plain literal language of the Order" rather than invoking the Doctrine of Equivalents. *See Graver Tank & Mfg. Co. v. Line Air Products Co.,* 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). Defendants respond by questioning whether

a contempt proceeding is the appropriate procedural and substantive vehicle for determining violation of the injunction. Relying upon U.S. Court of Appeals for the Federal Circuit authority, defendants call for adjudication of infringement at trial, rather than in the instant contempt setting. Because there purports to be significantly more than a "colorable difference between the adjudicated device and the accused device", defendants believe the infringement issue must be fully litigated. *See KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.,* 776 F.2d 1522 (Fed. Cir.1985).

■ In a contempt proceeding the Court must look to the language of the injunction. The instant injunction prohibits infringement of the 585 Patent as well as the manufacture, use or sale of a large class of golf swing training devices described as follows:

an elongated shaft containing a grip at one end and a club head at an opposing and a hinge mechanism interposed between the grip and club head, wherein the hinge mechanism includes a female member having two yoke portion defining a cavity permitting selective two way-movement of a male member between the yoke portion.

Although Roberts Metals relies heavily upon the above explanatory language, the overbreadth of the language clearly is cause for concern. If the above phrase purports to proscribe devices beyond the 585 Patent, much of the prior art in this area would also be enjoined. *See Wilson Sporting Goods Co. v. Davis Geoffrey & Assocs.,* 904 F.2d 677 (Fed.Cir.1990), *cert. denied,* 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990). The Court is mindful that defendants failed to limit the scope of the injunction in the underlying action or on appeal. However, any reading of the above injunction to enjoin devices not infringing the 585 Patent would be inappropriate.

■ The Court must initially decide whether a contempt proceeding is appropriate for disposition of the instant issues. Even if the Court were to give effect to the broad language of the injunction, "devices which could not be enjoined as infringements

on a separate complaint cannot possibly be deemed enjoined as infringements under an existing injunction." *Accord Max Corp. of America*, 767 F.2d 886. A finding of contempt may only be found "with respect to devices previously admitted or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent." *KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*, 776 F.2d 1522 (Fed.Cir.1985). Stated another way, infringement of the patent is a necessary prerequisite for a finding of contempt unless the enjoined device and the accused device were "merely colorably different". *Id.*

▮ The Court concludes that Roberts Metals has failed to establish that adjudication of this matter in the contempt setting is appropriate. Roberts Metals may have established violation of the explanatory language of the injunction, but there has been no showing of the requisite literal infringement or infringement under the doctrine of equivalents. Nowhere has the Refiner been previously admitted or adjudged to infringe Patent 585. Additionally, the doctrine of equivalents analysis under *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950) was not part of the prior finding of infringement. Absent literal infringement or infringement under the doctrine of equivalents establishing that the enjoined device (Medalist) and the accused device (Refiner) are merely colorably different, the Court must deny plaintiff's Renewed Motion for Contempt.

The record is clear that the Refiner was not the adjudicated device covered in the original action. The adjudicated device was the original "Medalist" device produced by FPM. No mention is made of a revised FPM device, a device manufactured by either Bryan or REF device, or specific reference to the Refiner in any of the pleadings or orders of the Court in the underlying action. After examining the devices during an oral hearing and without deciding the doctrine of equivalents question, the Court notes that the adjudicated FPM Medalist and the accused REF Refiner are decidedly different devices.

Roberts Metals has also failed to meet its burden of showing no more than a colorable difference between the accused REF Refiner device and the adjudicated FPM Medalist device under the doctrine of equivalents. FPM's Medalist golf club was found to be a direct and literal infringement of the 585 Patent without resort to the doctrine of equivalents. Based upon the limited evidence presented concerning the doctrine of equivalents, the Court cannot rule for Robert Metals in the summary context of a contempt proceeding. *See KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc., supra* at 684.

The Court concludes there are substantial open issues creating fair ground for doubt that the decree has been violated. This Court may not decide the instant issues in the contempt setting pursuant to the guidance offered by the United States Court of Appeals for the Federal Circuit in *KSM Fastening Systems, supra.* Therefore, Roberts Metals' Renewed Motion for Contempt is hereby denied.

Consolidated case Nos. 5:92CV1544 and 5:92CV0993 will go forward since the parties are entitled to fair hearing on their respective infringement claims. To dismiss said consolidated cases may deprive the parties of substantial rights that they would have possessed had the actions proceeded separately. *See Patton v. Aerojet Ordnance Co.*, 765 F.2d 604 (6th Cir.1985). Therefore, case Nos. 5:92CV1544 and 5:92CV0993 are set for status hearing on August 19, 1993 at 1:30 p.m.

IT IS SO ORDERED.

### ORDER

This Court, having entered its Memorandum of Opinion and Order in the above-captioned matters, hereby denies plaintiff Roberts Metals' Renewed Motion for Contempt and dismisses re-opened case no. 5:91CV0014.

Consolidated cases 5:92CV1544 and 5:92CV0993 will go forward and are set for status hearing on August 19, 1993 at 1:30 p.m. Lead counsel of record need be present. However, parties may be available by telephone. Counsel should be prepared to

discuss further handling of the above consolidated cases.

IT IS SO ORDERED.