SIGNATURE COMBS, INC., f/k/a AMR Combs, Inc., et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civil Case Nos. 98–2777 D, 93–2968 D, 00–2245 D.

United States District Court, W.D. Tennessee, Western Division.

July 13, 2004.

Rickey R. Danish, Memphis, TN, Pro se.

David Wade and Shea Sisk Wellford, Martin, Tate, Morrow & Marston, Nicholas E. Bragorgos, McNabb, Bragorgos & Burgess, PLLC, Memphis, TN, Gary P. Gengel, Morgan, Lewis & Bockius, Princeton, NJ, William E. Norcross, Norcross Law Firm, Cordova, TN, for Plaintiffs.

David C. Peeples, West Memphis City Attorney, West Memphis, AR, Kenneth D. Henderson, Ford & Harrison, Steven Dale Townsdin, City Attorneys Office, Thomas L. Henderson, Lewis, Fisher, Henderson & Claxton, LLP, Michael F. Rafferty, Harris, Shelton, Dunlap, Cobb & Ryder, Allen T. Malone and Jef Feibelman, Burch, Porter & Johnson, Memphis, TN, for Defendants.

### ORDER DENYING PLAINTIFFS' RULE 37(C) MOTION FOR PRECLUSION AND ORDER DENYING PLAINTIFFS' REQUEST FOR LEAVE TO SUPPLEMENT PLAINTIFFS' OPPOSITION TO DEFFENBAUGH INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court are 1) Plaintiffs' motion for preclusion pursuant to Federal Rule of Civil Procedure 37 and 2) Plaintiffs' motion for leave to supplement their opposition to Deffenbaugh Industries, Inc.'s ("DII") Motion for Summary Judgment. (Docket # 423.) For the following reasons, the Court denies both motions.

## I. Motion for Preclusion

Plaintiffs allege that, in the course of preparing their opposition to summary judgment motions filed by DII, Quality Analytical Services, Inc. ("QAS"), and Mid–Continent Fuel Company, Inc. ("MCFC") (collectively "Defendants"), they discovered "troubling inconsistencies, omissions and silences in the defendants' disclosures and discovery responses." (Pls.' Rule 37(c) Mot. for Preclusion Req. for Leave to Supplement Pls.' Opp'n to Deffenbaugh Industries, Inc.'s Mot. for Summ. J. at 2.) Specifically, Plaintiffs allege that Defendants' discovery responses failed to disclose and/or were misleading with regard to the corporate history and status of and relationships among DII, QAS, MCFC, and three entities, each of which were known at different times as Radium Petroleum Company ("Radium"). Pursuant to Rule 37, Plaintiffs request that the Court preclude Defendants from denying that these entities are one entity and from putting on evidence to the effect that the multiple entities are more than one entity.

Defendants responded, arguing that preclusion was not warranted. (Docket # 448.)

Upon consideration of the materials submitted on this motion, the Court determines that the requested preclusion is not warranted as a discovery sanction. Rule 37(c) provides in relevant part,

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction,

the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions ... these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) ...

Fed.R.Civ.P. 37(c)(1). The text of the rule mandates preclusion upon a party's failure to comply with Rule 26(a), 26(e)(1), or 26(e)(2), unless that party can show substantial justification or harmlessness. *See Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir.2003). The burden rests with the potentially sanctioned party to show harmlessness. *Id.*

Assuming arguendo that Plaintiffs' allegations show a failure to disclose under Rule 26(a), 26(e)(1), or 26(e)(2), a point which Defendants contest, the mandatory preclusion sanction is inappropriate in this case. The twist in this complicated context is that granting Plaintiffs' motion for preclusion on the issue of corporate relationships among DII, QAS, MCFC, and Radium effectively leads to judgment for Plaintiffs against the three Defendants. As this Court previously stated, the only allegations against DII and MCFC are that they are liable as successors—either through the de facto merger or mere continuation doctrines or as alter egos—to Carter Oil Company, which allegedly contributed some of the oil resulting in the hazardous contamination of the Gurley sites. (Order Den. Defs.' Mot. for Summ. J. at 2–3, Docket # 433.) Similarly, the allegations against QAS are based on the contention that it is a successor to Carter Oil Company. (Order Den. Def.'s Mot. for Summ. J. at 2, Docket # 434.) Thus, denying Defendants the opportunity to argue that these companies are all independent entities effectively decides this issue in favor of and grants judgment to Plaintiffs. As such, the Court does not view this as a simple request for preclusion but as a backdoor route to judgment.

Dismissal is an option under Rule 37(c), by reference to Rule 37(b)(2)(C), but it does not come under the mandatory clause relating to preclusion. The Court therefore will consider the standard used when a court grants dismissal as a discovery sanction under Rule 37(b).[1] The Sixth Circuit construes Rule 37 to require district courts to go beyond a mechanical and routine dismissal of every case where a court order has been violated. *See, e.g., Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir.1988) (refusing to find district court's dismissal to be an abuse of discretion when plaintiff failed to cooperate through discovery period and was aware of potential sanction of dismissal, and when fault for noncompliance lay with plaintiff, rather than with plaintiff's attorney), *superceded by rule on other grounds*. The Sixth Circuit only permits dismissal of an action for failure to cooperate in discovery in circumstances where a party has failed to cooperate due to willfulness, bad faith, or fault. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.1985) (reversing district court's dismissal under Rule 37 when district court failed to articulate its reasons for dismissing the case). A district court contemplating dismissal should also assess 1) whether the opposing party was prejudiced by the potentially dismissed party's failure to cooperate, 2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and 3) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Reg'l Refuse*, 842 F.2d at 155.

Clearly, the record does not show that this standard has been met. Plaintiffs presented to the Court no evidence of willfulness, bad faith, or fault on Defendants' parts. Nor did Defendants receive warnings that failure to participate in discovery as alleged by Plaintiffs could lead to dismissal. Finally, given that the Court has not entered any prior

---

1.  Plaintiffs title their motion as one for sanctions under Rule 37(c). In their motion, however, Plaintiffs appear to rely on Rule 37(b) as well, and indeed, the majority of the cases that Plaintiffs cite involve Rule 37(b), rather than Rule 37(c). Rule 37(b) involves discovery sanctions for a party's failure to comply with or obey a court order involving discovery. Fed.R.Civ.P. 37(b)(2). As the Court has not entered an order regarding the contested discovery, Rule 37(b) sanctions are independently inappropriate. Plaintiffs' arguments regarding Defendants' alleged violations of the Case Management Order do not involve discovery orders. The Court refers to Rule 37(b), therefore, solely to articulate its holding regarding Rule 37(c).

discovery orders on this issue, no lesser sanctions have been imposed. While Plaintiffs allege prejudice, prejudice alone does not meet the four-factor test. Furthermore, because all of the information desired by Plaintiffs was continuously available as public records with the State of Missouri, the assertions of prejudice are questionable at best. Thus, the standard for dismissal as a discovery sanction has not been met here.

In addition, the Court views the requested preclusion as an inappropriate measure given the current status of this case. The Court has already held that genuine issues of material fact exist as to successor liability for these three Defendants. (*See* Order Den. Defs.' Mot for Summ. J., Docket # 433; Order Den. Def.'s Mot. for Summ. J., Docket # 434; Order Den. Pls.' Mot. for Summ. J., Docket # 526.) Awarding effective judgment to Plaintiffs on this issue as a discovery sanction undermines these prior holdings. Also, the on-going and argumentative character of the case does not lend itself well to a dismissal that, through round-about litigation tactics, avoids a final resolution on the merits. *Cf. Bratka v. Anheuser–Busch Co., Inc.,* 164 F.R.D. 448, 461 (S.D.Ohio 1995) (reliability of fact-finding process is essential to court's ability to ensure that cases are decided on the merits after consideration of all relevant evidence bearing on the party's claims).

For the foregoing reasons, the Court denies Plaintiffs' motion for preclusion as a discovery sanction under Rule 37(c).

## II. Motion for Leave to Supplement Opposition

Plaintiffs also request leave to amend and supplement their opposition to DII's motion for summary judgment. The Court denied DII's motion for summary judgment on February 19, 2003. (Order Den. Defs.' Mot. for Summ. J., Docket # 433.) Accordingly, the Court denies as moot Plaintiffs' motion for leave to supplement their opposition.

## III. Conclusion

The preclusion that Plaintiffs request effectively asks for dismissal as a discovery sanction, which is not merited in this case.

Accordingly, the Court **DENIES** Plaintiffs' motion for preclusion. The Court also **DENIES** Plaintiffs' motion for leave to supplement their opposition to DII's motion for summary judgment as moot.